BAILEY, Judge,
concurring in result.
I agree with the majority that the trial court did not err when it entered summary judgment against the Didions on the question of the availability of insurance coverage for Michael under the homeowners' insurance policy of his sister, Ginger, and I concur in the majority's reasoning on that point. I write separately because I do not think there is any need to examine the question of the timeliness of notice.
I reach this conclusion for two reasons. First, the lack of coverage inquiry is dis-positive. Michael does not fall within the scope of an insured under the policy, and thus I think we need not reach the question of timely notice of an occurrence. *115 And "statements not necessary in the determination of the issues presented are obiter dictum. They are not binding and do not become the law." Koske v. Townsend Eng'g Co., 551 N.E.2d 437, 443 (Ind.1990). It would be better, then, for us to remain silent on the issue.
Second, while the majority is correct that Indiana courts have regularly held as untimely notice of an occurrence or claim that occurred over the span of time at issue here, it does not appear that our courts have been faced squarely with a case like this one. Here, the party responsible for providing notice of an occurrence under the policy appears not to have been aware of an occurrence, might have been actively prevented from obtaining the requisite knowledge, and the policy language required notice "as soon as possible." Neither the majority nor the parties cite any cases that fit this fact pattern. Since we need not reach that issue, and in the apparent absence of prior decisive law, I think it better as a matter of judicial restraint that we not comment on the matter and permit our courts to address such matters when those issues are squarely and necessarily before them.
For the foregoing reasons, I concur with the result reached by the majority. °